UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRIDENT REAL ESTATE DEVELOPMENT, LLC, f/k/a Greenstone Retail, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE SOUTHERN DISTRICT OF THE LUTHERAN CHURCH-MISSOURI SYNOD, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 2:25-cv-1641-GMB

## **MEMORANDUM OPINION AND ORDER**

Before the court is the partial Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant the Southern District of the Lutheran Church-Missouri Synod ("the Church"). Doc. 33.  Plaintiff Trident Real Estate Development, LLC, f/k/a Greenstone Retail, LLC ("Trident") filed a response (Doc. 39), and the court heard oral argument on the motion.[1]  Doc. 45.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 18.  For the following reasons, the motion is due to be granted.

---

[1] At the same hearing, the court received evidence and heard oral argument on Trident's motions for preliminary injunction and accelerated discovery. Docs. 21 & 41.  The court will address those motions in a separate order.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss under Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007).  A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## II.  RELEVANT BACKGROUND

### A.    Relevant Factual Allegations

In January 2024, Trident and the Church entered into a Purchase Agreement for the Church's property at 4800 Montevallo Road, which is located in the City of

Birmingham's Eastwood neighborhood. Doc. 27 at 3, 6.  The agreement provided that Trident's "obligation to purchase the property is conditioned upon . . . the final rezoning of the Property . . . to allow [Trident] to construct its intended development using [Trident's] most favored design." Doc. 27 at 4.  It therefore required the Church to authorize Trident to "execute[] any and all necessary documentation to obtain such final Rezoning" with the City. Doc. 27 at 4.  To meet its obligations, Trident had to obtain the final rezoning within 60 days after the agreement's inspection period. Doc. 27 at 3–4.  However, this time frame—otherwise known as the "Permit Period"— automatically extended "until the date on which [Trident] obtains such final Rezoning so long as [Trident] has made formal application for rezoning within ninety (90) days after the expiration of the Inspection Period." Doc. 27 at 3–4.

Shortly after executing the agreement, Trident met with members of the City of Birmingham's Department of Planning, Engineering, and Permits to discuss the property. *See* Doc. 27 at 6.  The Planning Department recommended that Trident begin by working with the Eastwood Neighborhood Association ("ENA"), so Trident contacted the ENA President and began attending some of the ENA's monthly meetings. Doc. 27 at 7.  At the meetings, Trident "presented information regarding its proposed site plan" and "responded to questions and concerns raised by neighborhood residents in attendance." Doc. 27 at 7.  Trident and the ENA

"worked together to develop a feasible development plan that the ENA would endorse." Doc. 27 at 7–8.

On June 11, 2024, the parties amended the purchase agreement. Doc. 27 at 4. The amendment extended the Permit Period, allowing Trident to obtain final rezoning within 90 days after the execution of the amendment. Doc. 27 at 5. In other words, because the parties executed the amendment on June 11, 2024, the Permit Period ran through September 9, 2024. *See* Doc. 27 at 5. However, like the original agreement, the amendment automatically extended the Permit Period "so long as [Trident] has made formal application for rezoning prior to the then-existing end of the Permit Period." Doc. 27 at 5.

On September 4, 2024, Trident submitted its rezoning application to the Planning Department. Doc. 27 at 8. As the City required, the application included Trident's proposed site plan. Doc. 27 at 7–8. On September 9, the Planning Department notified Trident that the Church had not authorized Trident to submit the application. Doc. 27 at 8. On the same day, Reverend Stephen Linck, the Church's representative, sent a letter informing the Planning Department of the Purchase Agreement and authorizing Trident to act on the Church's behalf in applying for the rezoning of the property. Doc. 27 at 8–9.

Trident continued to work with the ENA and the Planning Department on the proposed development and rezoning. Doc. 27 at 9–10. In July 2025, Trident

4

submitted a revised site plan incorporating the Planning Department's comments. Doc. 27 at 10. The following month, "the ENA voted four-to-one in favor of the July 2025 Site Plan and Rezoning." Doc. 27 at 10. The Planning Department then "put the Rezoning Application on the agenda for the Zoning Advisory Committee ("ZAC") meeting scheduled for August 19, 2025." Doc. 27 at 16.

But on July 8, 2025, the Church sent Trident a letter stating that the Church considered the Purchase Agreement and its amendments[2] to be "null and void" because "[a] check with the authorities in Birmingham" revealed that Trident "never applied for any zoning change in over seventeen (17) months." Doc. 27 at 11. Upon receiving Linck's letter on August 12, 2025, David Rogers, one of Trident's managers (Doc. 27 at 8), called Linck. Doc. 27 at 12. He insisted that Trident timely filed its rezoning application, but Linck said he "had been told" otherwise so he signed a contract with a third party for the sale of the property. *See* Doc. 27 at 12–13. After some back-and-forth over the next few days, Linck told Rogers that the Church's final decision was to repudiate the agreement. Doc. 27 at 18; *see* Doc. 27 at 12–18. Linck then contacted the Planning Department to withdraw Trident's authorization to pursue the rezoning, and the Planning Department removed Trident's application from the ZAC's meeting agenda. Doc. 27 at 17–18.

---

[2] The parties amended their agreement a second time—to reduce the purchase price—on May 7, 2025. Doc. 27 at 10.

## B.    Procedural History

Following the Church's alleged breach, Trident filed a complaint in the Circuit Court of Jefferson County, and the Church removed the action to this court. Docs. 1 & 1-1. Trident amended its complaint once as of right (Doc. 7), and then filed a Motion for Preliminary Injunction and Accelerated Discovery. Doc. 21. This motion, which remains pending, asks the court to enjoin the Church from selling the property to a third party and to order the Church to reinstate Trident's authority with the City to seek rezoning. Doc. 21 at 21–22.

With leave of court, Trident filed a second amended complaint incorporating four causes of action. *See* Docs. 16, 26 & 27. First, it brings a declaratory judgment claim asking the court to find that (1) "the Purchase Agreement is valid, enforceable, and binding"; (2) the Church breached the agreement; and (3) the Church is "estopped from denying the enforceability of the Purchase Agreement." Doc. 27 at 21–23. Second, Trident brings a specific performance claim requesting that the court order the Church to perform all of its remaining obligations and duties under the agreement, including authorizing Trident to pursue rezoning with the Planning Department. Doc. 27 at 23–25. Third, Trident brings a stand-alone claim for preliminary and permanent injunction. Doc. 27 at 25–28. Finally, Trident brings a breach of contract claim based on the Church's withdrawn authorization, repudiation of the contract, and decision to enter into a contract to sell the property to another

6

buyer. Doc. 27 at 30–33.

The Church responded with a partial motion to dismiss (Doc. 33), Trident filed a response (Doc. 39), and the court held a hearing on the motion to dismiss in addition to the motions for preliminary injunction and accelerated discovery. Doc. 45.

### III.  DISCUSSION

The Church moves to dismiss the counts for Declaratory Judgment and Preliminary and Permanent Injunction. Docs. 33 & 33-1.  The two claims are due to be dismissed.

### A.    Declaratory Judgment

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  District courts have broad discretion in deciding whether to entertain declaratory judgment actions. *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014).  With this discretion, a district court may dismiss a declaratory judgment claim if it would "'serve no useful purpose'" because the issues "will be resolved by another claim." *Organo Gold Int., Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1375–77 (S.D. Fla. 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)); *see, e.g., Loper*

*v. Lifeguard Ambul. Serv., LLC*, 2021 WL 4458873, at *18 (N.D. Ala. Sept. 29, 2021) ("[D]eclaratory judgments are improper where the issue falls within the scope of another claim in the case.").

District courts within this circuit often dismiss declaratory judgment claims as duplicative of breach of contract claims. *See HM Peachtree Corners I, LLC v. Panolam Indus. Int., Inc.*, 2017 WL 3700304, at *3 (N.D. Ga. Aug. 28, 2017) (collecting cases); *see, e.g.*, *Gendler v. Related Grp.*, 2009 WL 10668980, at *4 (S.D. Fla. Sept. 14, 2009) ("Requests for declaratory judgment which are redundant to other claims and add nothing to a lawsuit—such as a request for declaratory judgment which simply restates a pending claim for breach of contract—need not be permitted."); *Brodsky v. USAA Gen. Indem. Co.*, 2020 WL 231189, at *2–3 (S.D. Fla. Jan. 15, 2020) (dismissing a declaratory judgment claim because "the determination of the plaintiff's breach of contract claim involves the same factual dispute as the declaratory judgment claim, [so] the [p]laintiff will be able to secure full, adequate and complete relief through the breach of contract claim") (quotation marks and citation omitted). However, other courts have declined to dismiss a declaratory judgment action when it seeks forward-looking relief. *See Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, 2023 WL 1816390, at *4–5 (S.D. Fla. Feb. 8, 2023); *Loper*, 2021 WL 4458873, at *18. This question turns on whether the declaratory judgment action seeks relief that is unavailable under the

breach of contract or any other pending claim in the complaint. *See Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, 2011 WL 3843931, at *4 (S.D. Fla. Aug. 26, 2011) (allowing declaratory judgment claim seeking relief amounting to specific performance alongside a breach of contract claim requesting money damages because dismissal would have "wipe[d] out" plaintiff's request for forward-looking relief); *Marotto v. Scottsdale Ins. Co.*, 2008 WL 2952830, at *1–2 (M.D. Fla. July 30, 2008).

The declaratory judgment cause of action here falls within the scope of Trident's other claims and should be dismissed. The claim, which asks the court to declare that the Church violated a valid and enforceable Purchase Agreement, is a mirror image of the breach of contract claim relying on the same facts and legal theory. *Compare* Doc. 27 at 21–23, *with* Doc. 27 at 30–34. And to the extent Trident requests forward-looking relief in its declaratory judgment claim, it independently seeks specific performance for its breach of contract claim—a remedy that would require the Church to comply with and satisfy its obligations under the Purchase Agreement. Doc. 27 at 25, 34. As a result, Trident will be able to "secure full, adequate and complete relief" through its other claims. *See Brodsky*, 2020 WL 231189, at *2; *Marotto*, 2008 WL 2952830, at *2.

Trident argues that it "seeks relief in its declaratory judgment claim that differs from that sought in its breach of contract and specific enforcement claims,"

but it does not explain this claim. Doc. 39 at 17. And in fact Trident acknowledged the overlap between these claims at the hearing. Doc. 45 at 6.[3] For these reasons, the court concludes that Trident's declaratory judgment claim serves "no useful purpose." *Organo Gold*, 416 F. Supp. 3d at 1375.

## B.    Preliminary and Permanent Injunction

The Church argues that Trident's cause of action for preliminary and permanent injunctive relief should be dismissed because Trident has "not shown a substantial likelihood of success on the merits" and it has not properly alleged it would suffer irreparable injury without an injunction. Doc. 33-1 at 4–12. The court agrees the claim is due for dismissal, but for a different reason: "An independent claim for injunctive relief fails as a matter of law because injunctions are not causes of action but, rather, are remedies tied to some other cause of action." *Burt v. Volkswagen Grp. of Am., Inc.*, 790 F. Supp. 3d 1309, 1321 (N.D. Ala. 2025) (quoting *Liberty Nat. Life Ins. Co. v. Gann*, 2025 WL 912447, at *7 (S.D. Ala. Feb. 14, 2025)) (cleaned up); *Klay v. United Healthgrp., Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract."); *Berlinger v. Wells Fargo Bank, N.A.*, 2013 WL 4736828, at *1 (M.D. Fla. Sept. 3,

---

[3] More specifically, counsel for Trident stated at the hearing that "the Church makes a good argument that the facts underlying both claims are essentially the same and that this [c]ourt can resolve our claims . . . by just looking at the breach of contract and specific performance claims." Doc. 45 at 6.

2013) (citing *Alabama v. U.S. Army Corps of Eng.*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("A claim for injunctive relief is not a freestanding cause of action in its own right."). Accordingly, the court is inclined to dismiss Trident's cause of action for injunctive relief.

In any event, the merits of Trident's request for preliminary injunction, which is predicated on its breach of contract claim, are better addressed through the pending motion for preliminary injunction rather than on the Church's motion to dismiss. After all, "[t]he standard on a motion to dismiss is quite different from the standard for granting a preliminary injunction." *Am. Airlines, Inc. v. Spada*, 2023 WL 8001220, at *3 (S.D. Fla. Nov. 18, 2023) (quotation marks and citation omitted) (citing *Iqbal*, 556 U.S. at 678); *see also Warren v. Desantis*, 631 F. Supp. 3d 1188, 1194–95 (N.D. Fla. 2022). A motion to dismiss tests whether the plaintiff's claims are plausible, and the court must take the pleaded facts in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The preliminary injunction standard is more stringent and requires the movant to present evidence showing that its claims are not only plausible, but likely to succeed on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Am. Airlines*, 2023 WL 8001220, at *3. The court therefore dismisses the separate cause of action for injunctive relief in Trident's complaint but will address the motion for preliminary injunction in a

separate order. Doc. 21.

## IV.  CONCLUSION

For these reasons, it is ORDERED that the Church's partial Motion to Dismiss (Doc. 33) is GRANTED.  This case will proceed on the remaining claims in the Second Amended Complaint (Doc. 27) for specific performance (Count Two) and breach of contract (Count Four).

DONE and ORDERED on April 23, 2026.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE